UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROXANNE MARY COREY

                Plaintiff,

    v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                Defendant.

**DECISION
and
ORDER**

**17-cv-00570-LGF
(consent)**

---

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                              Attorneys for Plaintiff
                              BRANDI SMITH, of Counsel
                              6000 Bailey Avenue
                              Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              MONIKA CRAWFORD
                              Assistant United States Attorney, of Counsel
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202, and

                              STEPHEN P. CONTE
                              Regional Chief Counsel
                              United States Social Security Administration
                              Office of the General Counsel, of Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 16), to proceed before the undersigned. (Dkt. No. 16-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on December 6, 2017, by Plaintiff (Dkt. No. 10), and on March 3, 2018, by Defendant (Dkt. No. 14).

## BACKGROUND and FACTS

Plaintiff Roxanne Corey ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for Supplemental Security Income ("SSI") under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on February 20, 1987 (R. 224), alleges that she became disabled on November 1, 2007, when she stopped working as a result of depression, anxiety, right heel injury, migraine headaches, and obesity. (R. 246).

Plaintiff's application for disability benefits was initially denied by Defendant on February 9, 2011 (R. 93),[2] and pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Bruce Mazzarella ("Judge Mazzarella" or "the ALJ") on August 26, 2015, in Buffalo, New York, where Plaintiff, represented by Michael Pretsch, Esq. ("Pretsch") appeared and testified. (R. 54-92). Plaintiff appeared at a second

---

[2] Plaintiff's four previously filed applications were denied on July 1, 2009, October 20, 2009, May 13, 2010, and February 9, 2011. (R. 8).

hearing on November 3, 2015, where Plaintiff, represented by Kelly Laga, Esq. ("Laga"), and vocational expert Jay A. Steinbrenner ("VE Steinbrenner" or "the VE"), testified. (R. 38-50). The ALJ's decision denying Plaintiff's claim was rendered on January 5, 2016. (R. 8-20). Plaintiff requested review by the Appeals Council, and on April 26, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on June 23, 2017, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On December 6, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Plaintiff's Memorandum"). Defendant filed, on March 3, 2018, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 14-1) ("Defendant's Memorandum"). Plaintiff's reply (Dkt. No. 15) ("Plaintiff's Reply"), was filed on March 21, 2018. Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits.  *Id.*  Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment.  20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

### B. <u>Substantial Gainful Activity</u>

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. §

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded that Plaintiff did not engage in substantial gainful activity since Plaintiff's alleged onset date of disability on November 1, 2007. (R. 10). Plaintiff does not contest this finding.

**C.      Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of chronic right foot pain status post surgeries November 2007 and February 11, 2011, obesity, personality disorder, depression, anxiety and marijuana abuse, and a headache impairment that was not severe. (R. 11). Plaintiff contends that the ALJ's step two findings are erroneous as the ALJ failed to include Plaintiff's headache impairment in step two of the ALJ's disability analysis. Plaintiff's Memorandum at 22-24. Plaintiff further contends that such a finding is without support of substantial evidence as the ALJ mischaracterized Plaintiff's testimony regarding the effectiveness of her medication, improperly found Plaintiff had exaggerated her symptoms, and that Plaintiff's physician did not require Plaintiff to keep a log of her headaches. Plaintiff's Memorandum at 24-28. Defendant maintains that Plaintiff's mere diagnosis of headaches was not enough to require the ALJ to find that Plaintiff's condition was a severe impairment under step two of the disability analysis, and that any error resulting from the ALJ's step two findings should be deemed harmless as the ALJ included Plaintiff's other severe impairments throughout the remaining steps of the ALJ's disability analysis. Defendant's Memorandum at 21-26. Plaintiff's motion on this issue is without merit.

A plain reading of the record establishes the ALJ included consideration of Plaintiff's testimony that her Imitrex (headache) medication was effective in preventing full migraine headaches. (R. 11). Notably absent from the ALJ's discussion are Plaintiff's visits to Kaylan K. Shastri, M.D. ("Dr. Shastri"), a neurologist at Dent Neurologic Center ("Dent"), who diagnosed Plaintiff with chronic migraine without aura (early symptoms) intractable (migraine that continues for more than 72 hours), with

8

bilateral occipital neuralgia (pinched nerve in skull or neck), and cervical myofascial pain syndrome (muscle pain in shoulders and neck) (R. 969). Dr. Shastri provided treatment for Plaintiff's migraine headaches on August 13, 2014 (R. 972-74), July 28, 2015 (R. 970-72), and September 9, 2015 (R. 967), that included medication management and nerve block injections. Based on the foregoing, Discussion, *supra*, at 8, it is clear that the ALJ in this case erred in not deeming Plaintiff's headaches severe under step two of the disability analysis. As Defendant correctly maintains, however, any such error during step two of the ALJ's analysis is harmless because the ALJ proceeded beyond step two of the disability analysis and considered the effect of all of the Plaintiff's impairments throughout the remaining steps of the analysis. *See Reices-Colon v. Astrue*, 523 Fed. App'x. 796, 798 (2d Cir. 2013) (harmless error where ALJ erred in excluding severe impairments from step two of the disability analysis but proceeded to evaluate claimant's disability based on such severe impairments through the remaining steps of the sequential analysis). Here, the ALJ specifically noted that he considered all of Plaintiff's symptoms in the ALJ's residual functional capacity assessment (R. 13), including Plaintiff's post surgical right foot impairment (R. 14-15), and mental impairments of depression, anxiety and personality disorder. (R. 16-18). Relevantly, the ALJ's residual functional capacity assessment of Plaintiff also included findings on Plaintiff's migraine headaches by Marisela Gomez, M.D. ("Dr. Gomez"), which the ALJ found unsupported by evidence in the record. (R. 15). The ALJ in this case thereby included Plaintiff's headache impairment and other severe impairments in the ALJ's residual functional capacity assessment of Plaintiff, rendering any failure of the ALJ to find Plaintiff's headache as a severe impairment under step two of the sequential

9

disability analysis harmless error. Plaintiff's motion on this issue is accordingly DENIED. Because Plaintiff's motion is limited to the ALJ's asserted error with respect to the ALJ's step two analysis, further consideration of Plaintiff's action is unnecessary.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is DENIED; Defendant's motion (Doc. No. 14) is GRANTED. The Clerk of Court is ordered to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED: January 14, 2019
           Buffalo, New York